1  Paul W. Moncrief, Esq. #204239
   LOMBARDO & GILLES, PC
2  318 Cayuga Street
   Salinas, California 93901
3  Telephone: 831.754.2444
   Facsimile:  831.754.2011
4
   Attorneys for Plaintiff,
5  Andrew Smith Company

6

7        JAN 2 3 2006

8                    IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11  ANDREW SMITH COMPANY,                    )  No.
                                             )
    Plaintiff,                               )  [PROPOSED] ORDER RE:
12                                           )  PRELIMINARY INJUNCTION
                                             )
13  v.                                       )
                                             )
14  NATUREBEST PRE CUT & PRODUCE, LLC,       )
    MAXIMILIANO MACHADO, and DOES 1-20       )
15  inclusive                                )
                                             )
16        Defendants.                        )
                                             )
17  _____      )

18        This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction or

19  alternatively Temporary Restraining Order Without Notice pursuant to Rule 65(b) of the Federal

20  Rules of Civil Procedure.

21        Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to

22  the adverse party if: (1) it clearly appears from specific facts shown by affidavit or verified

23  complaint that immediate and irreparable injury, loss or damage will result before the adverse

24  party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice

25  should not be required.

26        In this case, it is established by the declarations of Plaintiff's representative Richard

27  Smith and Paul W. Moncrief that Plaintiff is a produce dealer and creditor of Defendants

28  NATUREBEST PRE CUT & PRODUCE, LLC, MAXIMILIANO MACHADO (collectively

                                        1

*Andrew Smith Company v. Naturebest Precut, et al.*
[Proposed] Order Re Preliminary Injunction

1  referred to as "Defendants") under Section 5(c) of the Perishable Agricultural Commodities

2  Act ("PACA"), 7 U.S.C, §499e(c), and that Defendants have not paid the principal

3  cumulative sum of $41,521.13 due to Plaintiff for produce purchased by Defendants as

4  required by the PACA. Plaintiffs also established to the Court's satisfaction that Defendants

5  are in severe financial jeopardy and the PACA Trust is being threatened with dissipation.

6  Based upon the affidavits and certification of Plaintiff and Plaintiff's counsel, it appears that

7  Defendants are not or may not be in a position to pay Plaintiff's claims.

8          The pleadings and supporting documents on file establish that the Defendants either

9  dissipated the PACA Trust or have presented a sufficient threat of dissipation of such trust to

10  warrant the relief granted in this Order.  On the basis of the pleadings, affidavits and other

11  submissions Plaintiff filed in this matter, it appears the Plaintiff will suffer immediate and

12  irreparable injury due to Defendants' dissipation of assets subject to the statutory trust

13  created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence

14  of injunctive relief.

15          If notice of this motion is given to Defendants, trust assets will be further threatened with

16  dissipation before the motion is heard.  Once dissipation has occurred, recovery of trust assets is

17  all but impossible. [H.R. Rep.No.543, 98th Cony., 2d Sess.4 (1983), reprinted in 1984 U.S. Code

18  & Admin.News 405,411. *Tanimura And Antle, Inc. v. Packed Fresh, Inc.*, 222 F.3d 132, 140-141

19  (3d Gir. 2000); *J.R. Brooks & Sons, Inc. v. Norman's Country Market, Inc.,* 98 B.R. 47 (Brtcy.

20  N.D.Fla. 1989).] Entry of this Order without Notice assures retention of the trust assets under the

21  control of the Court, which is vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

22          Upon review of the Complaint of Plaintiff on file in the above-titled action, and

23  Plaintiff's ex parte application for injunctive relief, and declarations, exhibits and Memorandum

24  of Points and Authorities in support of Plaintiff's Motion for a Temporary Restraining Order

25  and/or Preliminary Injunction submitted therewith, and all documents on file with the Court, and it

26  appearing to the satisfaction of the Court that this is a proper case for granting a Preliminary

27  Injunction.

28

—————————————————————————————— 2

*Andrew Smith Company v. Naturebest Precut, et al.*
[Proposed] Order Re Preliminary Injunction

**IT IS HEREBY ORDERED that:**

1.    Defendants NATUREBEST PRE CUT & PRODUCE, LLC and MAXIMILIANO MACHADO (collectively 'Defendants') be and hereby are preliminary enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following facts:

    a.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

    b.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the assets subject to the PACA trust;

    c.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4).

2.    Defendants, their officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within 24 hours after being served with this Order distribute PACA Trust assets in the amount of at least $50,473.85, which includes $41,521.13, the cumulative amount of the PACA Trust principal owing to Plaintiffs, plus $2,415.22 in finance charges accrued from the dates of default for each transaction sold by Plaintiff through December 21, 2005, and attorneys' fees in the amount of $6,387.50 and costs of $150.00.

3.    That during the pendency of this action, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to Account

3

1  Number 750232714 at Whitney National Bank, 12600 Memorial Drive, Houston, Texas 77024

2  or any other subsequently identified banking account standing in the name of or for the benefit

3  of Defendants, or any of them.

4     4.    That during the pendency of this action, Defendants and their counsel, agents, or

5  representatives, shall be preliminary enjoined from engaging in, committing, or performing

6  directly and indirectly, any and all of the following acts:

7         d.    Removing, withdrawing, transferring, assigning or selling to any other

8         person or entity, the proceeds from the sales of any or all existing or future inventories of

9         food or other products derived from perishable agricultural commodities, including, but not

10        limited to growing crops, and/or receipts of payment for products or crops sold prior to

11        the date of this order and/or otherwise disposing of assets, books or funds;

12        e.    Taking any other action whatsoever which causes, has the effect of

13        causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets.

14        f.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(l)

15        through (4), inclusive, and 7 U.S.C. §499b(4).

16     5.    That in the event Defendants lack sufficient funds to promptly deposit the sums

17  described above, Defendants shall be and hereby are required and ordered to:

18        g.    Immediately account to the Court and Plaintiff for all assets of the PACA

19        trust from commencement of Defendants' business through the date of this Order.

20        h.    Immediately assign Defendants inventory of perishable agricultural

21        commodities and produce related receivables to Plaintiff for collection until Plaintiff's

22        PACA trust claims are fully paid, and deposit and/or deliver complete accounts, records,

23        and information of all of said receivables to Plaintiff's counsel without charge to the trust,

24        and subject to Plaintiff's counsel making a weekly accounting for all receivables received

25        or collected by Plaintiffs' counsel in that regard. Plaintiff's counsel shall act as trustee in

26        connection with its duties of collection of the accounts receivable and shall deposit any cash

27        assets of the trust which are collected under this order into a trust account. In Plaintiff's

28        sole discretion, to the extent necessary to prevent loss of Defendants' inventory of

4

*Andrew Smith Company v. Naturebest Precut, et al.*
[Proposed] Order Re Preliminary Injunction

perishable agricultural commodities, Plaintiff may immediately take possession of any such inventory and sell such inventory through a PACA licensed broker. The proceeds of any such sales shall be held in trust by Plaintiff's counsel pending further order of this court. Any broker retained by Plaintiff or Plaintiff's counsel to effectuate such sales may retain a brokerage commission in an amount reasonable and customary in the produce industry.

i.      The U.S. Marshal shall immediately assist Plaintiff in any manner reasonably necessary to accomplish the seizure and sales that are the subject of this Order. Plaintiff and/or Plaintiff's attorneys Lombardo & Gilles, or persons under their supervision, shall accompany the U.S. Marshal. Plaintiff's attorneys will act as substitute custodian of any and all property seized pursuant to this Order, and the same shall hold harmless the U.S. Marshal Service from liability arising from any acts, incidents, or occurrences in connection with the seizure and possession of the property located at the subject property arising in the ordinary, authorized scope of the duties of the U.S. Marshal (which acts do not include acts arising from negligent or intentional tortious conduct), including any third-party claims, and the U.S- Marshal shall be discharged of his or her duties and responsibilities for safekeeping of the seized goods.

j.      In accomplishing the seizure, the U.S. Marshal shall employ whatever reasonable force that is necessary to break open and enter the subject property, regardless of whether said premises or location is locked or unlocked or occupied or unoccupied, and to inspect the contents of any room, closet, cabinet, vehicle, container, desk, computer or document. Anyone interfering with the execution of this Order is subject to arrest by the law enforcement officials.

k.      Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of

5

1  Defendants' receipt of them to Plaintiff's counsel as set forth above.   Likewise,

2  Defendants shall deliver any cash assets of the PACA trust which are in its possession or

3  are obtainable by Defendants at the time of the entry of this order, or which Defendants

4  obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of

5  Defendants' receipt of them to Plaintiff's counsel.

6       l.    File weekly with this Court satisfactory evidence of compliance with the

7  terms of this Order.

8      6.    That during the pendency of this action, and continuing thereafter, Plaintiff and

9  Plaintiff's counsel, agents, or representatives, shall have full and complete and continuing access to

10  all of Defendants' books and records, which shall include but not necessarily be limited to,

11  Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank

12  statements and canceled checks, relating to Defendants' business and personal financial status

13  from commencement of Defendants' business activities forward for the purpose of verifying

14  Defendants' accountings required by this Order and for enforcement of this Order.   Defendants

15  shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and copying of the books and

16  records of said Defendants by Plaintiff or its representatives at Defendants' place of business.

17      7.    That during the pendency of this action, Plaintiff shall be entitled to depose, under oath,

18  at reasonable times and places, upon at least 48 hours notice, Defendants and/or Defendants'

19  other principals, owners, directors, officers, shareholders, employees, agents and accountants

20  concerning any matter pertaining to any accounting due pursuant to this Order, any books which

21  Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendants' assets,

22  and/or Defendants' business practices, procedures or operations from commencement of

23  Defendants' business activities.

24      8.    No bond shall be required to be posted by Plaintiff before the Preliminary Injunction

25  is effective.

26  Dated: *February 27, 2006*

27                                  James Ware

28                              U. S. DISTRICT COURT JUDGE

6